IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SHANE ALLEN SIEMS, | ) | |
| | ) | CASE NO. BK09-41844-TLS |
| Debtor(s). | ) | A09-4062-TLS |
| PETER BINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| SHANE ALLEN SIEMS, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

   This matter is before the court on the plaintiff's motion for summary judgment (Fil. #15). No resistance was filed. Richard Register represents the debtor-defendant, and William J. Neiman represents the plaintiff. Evidence was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

   The motion is granted.

   This adversary proceeding was filed to except from discharge under 11 U.S.C. § 523(a)(6) a debt represented by a Platte County, Nebraska, District Court judgment of $90,000.00, plus pre- and post-judgment interest, awarded to the plaintiff as damages for an intentional assault and battery committed by the debtor-defendant.

   Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

   To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The following facts are established by the record:

1. Peter Bingham suffered injuries during a physical altercation with Shane Siems on May 29, 2008.

2. Mr. Siems pleaded no contest to criminal charges arising from the incident.

3. Mr. Bingham sued Mr. Siems in the District Court of Platte County, Nebraska. Mr. Bingham moved for default judgment in that case. Mr. Siems did not appear on the motion, so after hearing the evidence, the court found that Mr. Siems "did intentionally subject [Mr. Bingham] to the intentional torts of assault and battery" and entered judgment for Mr. Bingham on April 14, 2009. The judgment awarded damages of $90,000.00, plus pre-judgment interest of $684.49 and post-judgment interest at the rate of 2.254 percent per annum, as well as costs of $94.50.

4. Mr. Siems filed his Chapter 13 petition on June 29, 2009. His amended plan of reorganization was confirmed on March 15, 2010.

The exception to discharge under § 523(a)(6) for debts arising from willful and malicious injury by a debtor is not applicable in Chapter 13. Section 1328(a)(2); *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1348 (8th Cir. 1990). However, in 2005, Congress added to Chapter 13 a narrower exception for such injuries: debts "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual" are not dischargeable. Section 1328(a)(4). Courts have noted three significant differences between § 523(a)(6) and § 1328(a)(4):

> (1) it applies to "willful *or* malicious" injuries instead of to "willful *and* malicious" injuries; (2) it applies to personal injuries or death and not to injuries to property; and (3) it applies to restitution and damages "awarded in a civil action against the debtor" as a result of such injuries.

*Waag v. Permann (In re Waag)*, 418 B.R. 373, 377 (B.A.P. 9th Cir. 2009).

In the present case, Mr. Bingham holds a judgment from the state court finding that Mr. Siems committed the intentional torts of assault and battery. A default judgment is considered to be "on the merits" for purposes of res judicata, which bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Mabile v. Drivers Mgmt., Inc.*, 660 N.W.2d 537, 543 (Neb. Ct. App. 2003).

The Eighth Circuit Court of Appeals has had occasion to define and distinguish "willful" and "malicious" in the non-dischargeability context:

> "[N]ondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Geiger*, 523 U.S. at 61, 118 S. Ct. 974; *In re Patch*, 526 F.3d at 1180. A willful injury is "a deliberate or intentional invasion of the legal rights of another, because the word 'injury' usually connotes legal injury . . . in the technical sense." *Geiger v. Kawaauhau (In re Geiger)*, 113 F.3d 848, 852 (8th Cir. 1997), *aff'd*, 523 U.S. at 57, 118 S. Ct. 974. Further, the debtor need not intend the consequences of his conduct to cause a willful injury. *In re Patch*, 526 F.3d at 1180. It is enough "[i]f the debtor knows that the consequences are certain, or substantially certain, to result from his conduct." *Id.* Maliciousness is conduct "targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause . . . harm." *Siemer v. Nangle (In re Nangle)*, 274 F.3d 481, 484 (8th Cir. 2001) (quoting *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir. 1985)).

*Sells v. Porter (In re Porter)*, 539 F.3d 889, 894 (8th Cir. 2008). Mr. Siems admits that he and Mr. Bingham pushed each other, wrestled, and fell to the ground. The nature and extent of Mr. Bingham's injuries are not contained in the record, but the judgment includes almost $2,800.00 for medical bills incurred, plus more than $29,500.00 for future medical expenses. It is not unreasonable to find that the debtor should have known that two adult men pushing and wrestling in anger is certain or almost certain to cause harm.

Because the state court found that Mr. Siems committed the intentional torts of assault and battery and entered a judgment in favor of Mr. Bingham for damages resulting from willful or malicious injury caused by Mr. Siems, Mr. Bingham has established each of the necessary elements of § 1328(a)(4), and the debt should be excepted from discharge.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #15) is granted. Separate judgment will be entered.

DATED: April 14, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 Richard Register
 *William J. Neiman
 U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.